# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS OBUJEN, | CASE NO. 1:07-cv-01308-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CDC, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Douglas Obujen ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 6, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff was incarcerated when he brought this suit.

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Eighth Amendment Medical Care Claim

At the time of the events giving rise to the claim at issue in this action, Plaintiff was housed at Avenal State Prison. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution stemming from prison officials' failure to provide him with proper and/or adequate medical treatment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison

1  physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).
2  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
3  further harm in order for the prisoner to make a claim of deliberate indifference to serious medical
4  needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
5  407 (9th Cir. 1985)).

6  Plaintiff has not alleged facts sufficient to support a claim that a named defendant "[knew]
7  of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." Farmer, 511 U.S. at 837.
8  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.
9  2004). "Under this standard, the prison official must not only 'be aware of the facts from which the
10 inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also
11 draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should
12 have been aware of the risk, but was not, then the official has not violated the Eighth Amendment,
13 no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,
14 1188 (9th Cir. 2002)). The Court will provide Plaintiff with the opportunity to file an amended
15 complaint. Plaintiff's allegations need not be lengthy or overly detailed. However, Plaintiff clearly
16 must link a defendant's act or omission to the violation of his Constitutional rights.

17 Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR"), the
18 Warden, and the former Chief Medical Officer as defendants. In amending, Plaintiff is advised to
19 take note of the following. Plaintiff may not bring suit against CDCR in federal court because it is
20 a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety,
21 488 F.3d 1144, 1147 (9th Cir. 2007). Further, "there is no pure *respondeat superior* liability under
22 § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates
23 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act
24 to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880
25 F.2d 1040, 1045 (9th Cir. 1989)).
26 ///
27 ///
28 ///

**III.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

Plaintiff is informed that he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

4. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**    **May 14, 2008**                               /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE